IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANCISCA BANCOLITA,            )
                                )
            Plaintiff,          )
                                )
    vs.                         )
                                )
CROWN ASSET                     )
MANAGEMENT, LLC, and            )
BLITT AND GAINES, P.C.,         )
                                )
            Defendants.         )

# COMPLAINT

## INTRODUCTION

1.  Plaintiff Francisca Bancolita seeks redress from unlawful collection practices engaged in by defendants Crown Asset Management, LLC ("Crown"), and Blitt and Gaines, P.C. ("Blitt"), contrary to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and state law.

2.  The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.  Specifically, plaintiff alleges that defendants sue on time-barred debts.

## VENUE AND JURISDICTION

4.  This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), and 28 U.S.C. §§1331, 1337 and §1367.

5.  Venue and personal jurisdiction in this District are proper because

    (A)  Defendants' collection communications and activities impacted plaintiff within this District, and

    (B)  Each defendant does business or is located within this District.

1

## PARTIES

6. Plaintiff resides in the Northern District of Illinois.

7. Crown is a limited liability company organized under Georgia law with principal offices at 3100 Breckinridge Blvd., Suite 725, Duluth, GA 30096. It does business in Illinois. Its registered agent and office is Registered Agent Solutions Inc., 901 S. Second Street, Suite 201, Springfield, IL 62704.

8. Crown purchases, or claims to purchase, charged-off debts incurred for personal, family or household purposes, including credit card debts, and enforcing those debts against the consumers.

9. Crown pays an average of less than ten cents on the dollar for the debts it purchases.

10. Crown regularly uses the U.S. Postal Service, and telephone and electronic wire communications, to collect debts.

11. Crown is the plaintiff in more than 100 lawsuits seeking to collect consumer debts.

12. Because the purported obligations were originally owed to other entities and were charged off prior to purchase, Crown is a "debt collector" as defined in the FDCPA.

13. Blitt is a law firm organized as an Illinois professional corporation with offices at 661 Glenn Avenue, Wheeling, IL 60090.

14. Blitt's practice consists primarily of the collection of debts owed to others and incurred for personal, family or household purposes.

15. Blitt and Gaines, P.C. is a "debt collector" as defined in the FDCPA.

16. Blitt and Gaines, P.C. files thousands of collection lawsuits against consumers each year, and sends tens of thousands of collection letters each year.

## FACTS

17. On or about May 28, 2014, Crown Asset Management, LLC, represented by

Blitt and Gaines, P.C., filed suit against plaintiff Francisca Bancolita in the Circuit Court of Cook County (Case No. 2014 M1 130805) to collect a purported open-end credit account debt.

18. The complaint was not served until October 2014.

19. Any such debt would have been incurred for personal, family or household purposes.

20. Francisca Bancolita was required to go the courthouse, pay an appearance fee, and retain counsel to defend the lawsuit.

21. The debt went into default more than 5 years prior to the filing of suit.

22. The account was actually that of plaintiff's daughter-in-law, Corazon Bancolita, who filed bankruptcy on December 17, 2007. No payments were made by plaintiff after the filing.

23. The applicable statute of limitations is five years. 735 ILCS 5/13-205.

24. "The assignee... takes the assignor's interest subject to all legal and equitable defenses existing at the time of the assignment." *John O. Schofield, Inc. v. Nikkel*, 314 Ill. App. 3d 771, 783; 731 N.E.2d 915 (5th Dist. 2000). "The assignee stands in the shoes of the assignor and, in so doing, is subject to any defense that might be urged against the assignor." *Klehm v. Grecian Chalet, Ltd.*, 164 Ill. App. 3d 610, 617; 518 N.E.2d 187 (1st Dist. 1987). This includes the statute of limitations. *Coryell v. Klehm*, 157 Ill. 462; 41 N.E. 864, 868-869 (1895).

25. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States v. Asset Acceptance, LLC,* Case No. 8:12CV182 (M.D.Fla.).

## COUNT I – FDCPA

26. Plaintiff incorporates paragraphs 1-25.

27. Both defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by suing a consumer on a time-barred debt.

28. 15 U.S.C. §1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....**

    **(2)    The false representation of –**

        **(A)    the character, amount, or legal status of any debt....**

    **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken.... [or]**

    **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

29. 15 U.S.C. §1692f provides:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt....**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

    (A)    Statutory damages;

    (B)    Actual damages;

    (C)    Attorney's fees, litigation expenses and costs of suit; and

    (D)    All other proper relief.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

30. Plaintiff incorporates paragraphs 1-25.

31. This claim is against Crown.

32. Crown engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by filing suit on a time-barred debt.

33. Crown engaged in such conduct in the course of trade and commerce.

34. Crown engaged in such conduct for the purpose of obtaining money from plaintiff.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against Crown for:

    (A)    Actual damages;

    (B)    Punitive damages;

    (C)    Attorney's fees, litigation expenses and costs of suit; and

    (D)    All other proper relief.


                                          s/Daniel A. Edelman
                                          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine C. Charpie
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## VERIFICATION

      The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of her knowledge and belief.

*Francisca Bancolita*
Francisca Bancolita

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman
Daniel A. Edelman